GRIFFIS, J„ for the Court:
 

 ¶ 1. Travis Butler appeals his sentence for his conviction of robbery. He claims: (1) the Tunica County Circuit Court abused its discretion in imposing the maximum sentence of fifteen years on the conviction of robbery, and (2) the fifteen-year sentence constitutes cruel and unusual punishment. We find no error and affirm.
 

 FACTS
 

 ¶ 2. On August 24, 2007, Butler and Antonio Barnett drove to Tunica, Mississippi. They drove past several casinos before they pulled into the parking lot of the Sheraton Casino. They approached Michael Crawford and Jimmy Hitt, employees of the Sheraton Casino, and asked for directions. The directions were given. Then Crawford and Hitt began walking to their respective vehicles.
 

 ¶ 3. Butler got out of the passenger side of the vehicle and told Crawford to give him his wallet. Crawford testified that Butler held him at gunpoint until he gave Butler the wallet. Hitt testified that he saw Butler hold his arms out as if he was holding a gun, but he was unable to see the gun from his viewpoint. Hitt then drove his vehicle into Butler and Barnett’s vehicle in an attempt to prevent their escape. Butler and Barnett left the parking lot and were later arrested.
 

 ¶ 4. Butler was charged with armed robbery, under Mississippi Code Annotated section 97-3-79 (Rev.2006), and conspiracy, under Mississippi Code Annotated section 97-1-1 (Supp.2009). At trial, Butler admitted that he had robbed Crawford; however, he denied that he ever had a gun. Despite testimony from Crawford and Ma-lee Gai, an eyewitness, that Butler had a gun, the jury found Butler guilty of simple robbery instead of armed robbery.
 

 
 *649
 
 ¶ 5. The circuit judge sentenced Butler to the statutory maximum sentence of fifteen years in the custody of the Mississippi Department of Corrections on the count of robbery, and five years on the count of conspiracy. The sentences in both counts were ordered to run concurrently.
 

 STANDARD OF REVIEW
 

 ¶ 6. This Court reviews the terms of a sentence under an abuse-of-discretion standard. “Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute.”
 
 Hoops v. State,
 
 681 So.2d 521, 537 (Miss.1996).
 

 ANALYSIS
 

 1. Whether the circuit court abused its discretion in imposing the maximum sentence of fifteen years for Butler’s conviction of robbery.
 

 ¶ 7. Butler argues that the circuit court abused its discretion when it sentenced him to fifteen years—the statutory maximum sentence allowed for the crime of robbery. Specifically, he claims that the sentence is excessive, and the circuit judge failed to consider certain mitigating factors—Butler’s young age of nineteen at the time of sentencing, his status as a first-time offender with no prior criminal record, and the remorse he demonstrated during his testimony at trial.
 

 ¶ 8. At the sentencing hearing, counsel for Butler asked the circuit court to suspend part of the fifteen-year sentence because Butler had no criminal history. The circuit court responded: “The Armed Robbery, although he was only convicted of robbery ... is a crime the Court feels strongly about, gun crimes against the person [are] a totally different category. The Court will stay with its original sentence.” Butler claims that the only reason the circuit court imposed the maximum sentence is because the circuit court thought the type of crime Butler committed was terrible.
 

 ¶ 9. Butler contends that the circuit court failed to consider the mitigating factors at all. This assertion is simply not supported by the record. The circuit court had the option of sentencing Butler to consecutive terms of imprisonment instead of allowing Butler to serve the sentences concurrently.
 

 ¶ 10. Mississippi Code Annotated section 97-3-75 (Rev.2006) sets the punishment for robbery at “a term not more than fifteen years.” It is well settled that sentencing is within the sole discretion of the circuit court, and we will not reverse a sentence where it is within the limits prescribed by statute.
 
 Gibson v. State,
 
 731 So.2d 1087, 1097 (¶ 28) (Miss.1998) (citing
 
 Hoops,
 
 681 So.2d at 537). Here, the circuit court sentenced Butler to fifteen years, a term within the limits of the statute. Accordingly, this Court must defer to the discretion of the circuit court.
 

 ¶ 11. Furthermore, the circuit judge was “largely unlimited as to the kind of information he may consider” during sentencing.
 
 Summerall v. State,
 
 734 So.2d 242, 246 (¶ 21) (Miss.Ct.App.1999). The circuit court repeatedly emphasized the seriousness of crimes against the person. “In imposing sentence, the trial court may take into account larger societal concerns, as long as the sentence is particularized to the defendant.”
 
 Id.
 
 at 246-47 (¶ 21) (citation omitted). The circuit court was certainly allowed to consider Crawford’s testimony that he feared for his life during the robbery.
 

 ¶ 12. We find that the circuit court did not abuse its discretion in sentencing Butler to a sentence within the statutory limits. Accordingly, this issue has no merit.
 

 
 *650
 
 £
 
 Whether Butler’s fifteen-year sentence constitutes cruel and unusual punishment.
 

 ¶ 13. Butler further claims that, under these circumstances, his sentence is disproportionate to the crime such that it constitutes cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution.
 

 ¶ 14. In
 
 Solem v. Helm,
 
 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the United States Supreme Court set forth a test to determine whether a defendant’s sentence is disproportionate and thereby cruel and unusual. The three factors to be considered are: “(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.”
 
 Id.
 

 ¶ 15. However, the Supreme Court overruled
 
 Solem
 
 in
 
 Harmelin v. Michigan,
 
 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), insofar as the
 
 Solem
 
 factors “apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of ‘gross disproportionality.’ ”
 
 Hoops,
 
 681 So.2d at 538 (citation omitted).
 

 ¶ 16. Butler claims that the mitigating factors in the record support an inference of gross disproportionality. His only support for this argument is his citation to a case where a defendant received a suspended sentence and probation on a robbery conviction. However, the fact that similarly situated defendants received less severe sentences does not in itself prove that the sentence imposed here is grossly disproportionate to the crime committed.
 
 Vaughn v. State,
 
 964 So.2d 509, 511 (¶ 9) (Miss.Ct.App.2006).
 

 ¶ 17. We fail to find that the record supports an inference of gross dispropor-tionality. The circuit judge considered that this was an act of violence against another person and sentenced Butler to a sentence within the limits set forth by the Legislature. Thus, this issue has no merit.
 

 ¶ 18. THE JUDGMENT OF THE TU-NICA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, ROBBERY, AND SENTENCE OF FIFTEEN YEARS AND COUNT II, CONSPIRACY, AND SENTENCE OF FIVE YEARS, WITH THE SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.